CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
FILED
02/07/02
MICHAEL N. MILBY, CLERK
BY DEPUTY

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

United States Courts
Southern District of Texas
ENTERED

FEB 0 7 2002

Michael N. Milby, Clerk

| | |
|---|---|
| ------------------------------------------------------------ x | |
| ) | |
| ) | |
| IN RE WASTE MANAGEMENT, INC.        ) | **Master File Number H-99-2183** |
| SECURITIES LITIGATION              ) | |
| ) | |
| ) | |
| ------------------------------------------------------------ x | |

**FINDINGS AND ORDER PRELIMINARILY**
**CERTIFYING A CLASS FOR SETTLEMENT PURPOSES,**
**DIRECTING THE ISSUANCE OF NOTICE TO THE CLASS,**
**AND SCHEDULING A FAIRNESS HEARING**

On or after July 6, 1999, shareholders filed more than 30 class actions

against Waste Management, Inc. ("Waste Management" or the "Company") and certain

of its former officers and directors alleging federal securities law violations.  On or about

August 23, 1999, this Court consolidated the class actions into the above captioned case,

*In re Waste Management, Inc. Securities Litigation*, Master File Number H-00-2183 (the

"Action"), pursuant to the provisions of the Private Securities Litigation Reform Act of

1995 ("PSLRA"), 15 U.S.C. § 77z-1(a)(3)(B)(ii).  In a May 8, 2000 order, the Court

appointed Connecticut Retirement Plans and Trust Funds as Lead Plaintiff in the

consolidated class action and Goodkind Labaton Rudoff & Sucharow LLP as Lead

Counsel, also pursuant to the provisions of the PSLRA.

206

Lead Plaintiff filed its Amended Consolidated Class Action Complaint (the "Complaint") on July 14, 2000.  The Complaint named as defendants Waste Management, Rodney R. Proto (the Company's former Chief Operating Officer) and Earl E. DeFrates (the Company's former Chief Financial Officer) (collectively, the "Defendants").  The Complaint asserted claims based on sections 10(b) (including claims based on Rule 10b-5) and 14(a) of the Securities Exchange Act of 1934, and based on sections 11 and 12(a)(2) of the Securities Act of 1933.  It pled on behalf of a proposed class of all persons and entities who purchased, exchanged or otherwise acquired Waste Management securities, including but not limited to stock, bonds or call options, or who sold put options, from June 11, 1998 through November 9, 1999, inclusive.

Defendants filed a motion to dismiss the Complaint, and Lead Plaintiff filed its opposition to the motion.  On August 16, 2001, the Court issued its opinion granting in part and denying in part the Defendants' motion to dismiss.  The Court's order dismissed the claims in the Complaint based upon sections 10(b) and 14(a) of the Securities Exchange Act for the period prior to February 25, 1999 and after July 13, 1999, subject to Lead Plaintiff's right to amend and replead the dismissed claims.  The Court denied the motion to dismiss the Complaint's other claims.

Following over 16 months of arm's-length and protracted negotiations – which included establishing a procedure pursuant to which Lead Plaintiff and Lead Counsel were able to review relevant documents of the Company and its outside auditor

in order to evaluate Lead Plaintiff's claims in connection with a possible settlement –

Lead Plaintiff and Defendants entered into a Stipulation of Settlement on November 2,

2001, in which the parties agreed to settle the Action subject to the Court's approval and

determination of the fairness, reasonableness and adequacy of the settlement.  The

November 2, 2001 Stipulation of Settlement was contingent on Lead Plaintiff's

completion of discovery – including depositions of current or former Company officers,

directors and/or employees, and of representatives of the Company's outside auditor.  At

a November 16, 2001 status conference, the parties described the parameters of the

settlement to the Court.

The additional discovery contemplated in the November 2, 2001 Stipulation of

Settlement was completed on December 14.  On January 29, 2002, the parties executed a

First Amended Stipulation of Settlement, in which the discovery contingency was

removed, and Lead Plaintiff and Lead Counsel expressed their conclusion that the

Settlement Agreement is fair, reasonable and adequate.  Attached to the First Amended

Stipulation of Settlement as exhibits are the documents necessary to implement the

settlement.  The First Amended Stipulation of Settlement and its exhibits are collectively

referred to in this Order as the "Settlement Agreement."[1]  If approved, the settlement

would result in dismissal of the Action with prejudice.

---

1.    Unless otherwise defined in this Order, the capitalized terms in this Order have
      the same meaning as they have in the Settlement Agreement.

3

On February 7, 2002, the Court held a hearing to determine whether, among other things, to certify a class preliminarily for settlement purposes and to authorize the issuance of notice to members of the settlement class.

Upon reviewing the Settlement Agreement, and all prior proceedings held in this case, the respective applications of the parties, and the matter having come before the Court for hearing on February 7, 2002, it is hereby ORDERED, ADJUDGED AND DECREED as follows:

1. **Class Findings.** For purposes of the settlement of the Action (and only for such purposes, and without an adjudication of the merits), the Court preliminarily finds that the requirements of the Federal Rules of Civil Procedure, the United States Constitution, the Rules of the Court and any other applicable law have been met in that:

(a) The Class, as defined below in paragraph 2, is ascertainable from records kept by the Company and/or its agents, and other objective criteria, and the Class Members are so numerous that their joinder before the Court would be impracticable.

(b) The commonality requirement of Fed. R. Civ. P. 23(a) is satisfied when members of the proposed Class share at least one common factual or legal issue. Here, Lead Plaintiff has alleged numerous questions of fact and law purportedly common to the Class, including whether Defendants' press

4

releases and filed statements with the Securities and Exchange

Commission contained false and misleading statements.

(c)      Based on Lead Plaintiff's allegations that Defendants engaged in uniform

miscondue affecting members of the Class, the Court preliminarily finds

that the claims of the Lead Plaintiff are typical of the claims of the Class,

and that the Lead Plaintiff and Lead Counsel will fairly and adequately

protect the interests of the Class, in that (*i*) the interests of the Lead

Plaintiff and the nature of its alleged claims are consistent with those of

members of the Class, (*ii*) there appear to be no conflicts between or

among the Lead Plaintiff and the Class Members, (*iii*) the Lead Plaintiff

has been and appears to be capable of continuing to be an active

participant in both the prosecution and the settlement of the Action, and

(*iv*) the Lead Plaintiff and the Class Members are represented by qualified,

reputable counsel who are experienced in preparing and prosecuting large,

complicated securities fraud class actions.

(d)      The Court preliminarily finds that a resolution of the Action in the manner

proposed by the Settlement Agreement is superior to other available

methods for a fair and efficient adjudication of the Action.  The Court also

notes that, because the Action is being settled, rather than litigated, the

5

Court need not consider manageability issues that might be presented by the trial of a nationwide class action involving the issues in this case. In making these preliminary findings, the Court has considered, among other factors, (*i*) the interest of Class Members in individually controlling the prosecution or defense of separate actions; (*ii*) the impracticability or inefficiency of prosecuting or defending separate actions; (*iii*) the extent and nature of any litigation concerning these claims already commenced; and (*iv*) the desirability of concentrating the litigation of the claims in a particular forum.

2.     **Preliminary Class Certification for Settlement Purposes.**

Based on the foregoing findings, the Court preliminarily certifies the Class for settlement purposes under Fed. R. Civ. P. 23(b)(3).  The Class consists of all persons or entities ("Class" or "Class Members") who, at any time during the period from June 11, 1998 through November 9, 1999, inclusive (the "Class Period"), (*i*) purchased or otherwise acquired Waste Management securities, including but not limited to, stock, bonds or call options, and including but not limited to, individuals or entities who purchased or otherwise acquired USA Waste securities or WMX securities on or after June 11, 1998, (*ii*) sold Waste Management put options or (*iii*) received Waste Management stock pursuant to a transaction whereby Waste Management acquired from the Class Member stock or assets of a corporation or business in exchange for which some or all of the purchase price consisted of Waste Management stock

6

The Class preliminarily certified by this Court for settlement purposes does *not* include:

(a)    such persons or entities who submit valid and timely requests for exclusion from the Class in accordance with the procedures set out in the Settlement Agreement and described in the Notice;

(b)    such persons or entities who settled an actual or threatened lawsuit or other proceeding with the Company and released the Company from any further claims concerning their purchase, exchange or acquisition of Waste Management securities, including but not limited to stock, bonds or call options, or their sale of put options; or

(c)    such persons or entities who are Defendants, members of the immediate family of the Individual Defendants, any entity in which Waste Management has or had a controlling interest during the Class Period or the legal representatives, heirs, executors, successors or assigns of any such excluded person or entity, or any directors or officers of Waste Management and/or WMX during the Class Period; *provided however,* that this exclusion shall not apply to directors or officers of Waste Management or WMX with respect to any transaction that would otherwise result in the individual being included within this definition of Class or Class Members to the extent that the transaction occurred while

the director or officer was neither a director or officer of either Waste

Management or WMX.

The Court finds that, for the sole purpose of settlement, and without an adjudication of

the merits, the Class is sufficiently well-defined and cohesive.

3.    **Findings Regarding Proposed Settlement.**  The Court finds that

(*i*) the proposed settlement resulted from extensive arm's-length negotiations and was

concluded only after counsel for plaintiffs had conducted broad discovery (including

reviewing over 700,000 pages of documents from Waste Management and its outside

auditor, and deposing numerous present or former officials of the Company, as well as

representatives of the Company's outside auditor) and the parties had consulted

independent experts about the issues raised by the Complaint; and (*ii*) the proposed

settlement evidenced by the Settlement Agreement is sufficiently fair, reasonable and

adequate to warrant sending notice of the Action and the proposed settlement to the Class

Members and holding a full hearing on the proposed settlement.

4.    **Fairness Hearing.**  A hearing (the "Fairness Hearing") will be

held on May 10, 2002, at 1:00 p.m., in the United States District Court for the Southern

District of Texas, Houston Division, to determine, among other things:

(a)    whether the Action should be finally certified as a class action for

settlement purposes;

8

(b)     whether the proposed settlement of the Action should be approved as fair,

reasonable and adequate;

(c)     whether the Action should be dismissed with prejudice pursuant to the

terms of the settlement;

(d)     whether Notice, the Summary Notice and the notice methodology

implemented pursuant to this Settlement Agreement (*i*) constituted the

best practicable notice, (*ii*) constituted notice that was reasonably

calculated, under the circumstances, to apprise Class Members of the

pendency of the Action, their right to object to or exclude themselves from

the proposed settlement and their right to appear at the Fairness Hearing,

(*iii*) were reasonable and constituted due, adequate and sufficient notice to

all persons entitled to receive notice and (*iv*) met all applicable

requirements of the Federal Rules of Civil Procedure, the United States

Constitution (including the Due Process Clause), the PSLRA, the Rules of

the Court and any other applicable law;

(e)     whether Lead Counsel and the Lead Plaintiff adequately represented the

Class for purposes of entering into and implementing the settlement;

(f)     whether Class Members should be bound by the release set forth in the

proposed settlement;

(g)     whether Class Members should be permanently enjoined from (among

other things) (*i*) filing, commencing, prosecuting, intervening in,

participating in (as class members or otherwise), or receiving any benefits

or other relief from, any other lawsuit, arbitration, or administrative,

regulatory or other proceeding or order in any jurisdiction based on or

relating in any way to the claims and causes of action, or the facts and

circumstances relating thereto, in this Action and/or the Released Claims

(as that term is defined in the Settlement Agreement) and (*ii*) organizing

such nonexcluded Class Members into a separate class for purposes of

pursuing as a purported class action (including by seeking to amend a

pending complaint to include class allegations, or by seeking class

certification in a pending action) any lawsuit based on or relating to the

claims and causes of action, and/or the facts and circumstances relating

thereto, in this Action and/or the Released Claims; and

(h)     whether Lead Counsel's application for an award of attorneys' fees and

expenses should be approved; and

(i)     whether Lead Plaintiff's application for costs and expenses should be

approved.

5.     **Pre-Hearing Notices to Class Members**

(a)     **Notice by Mail.**  The Notice and the accompanying materials (including the Plan of Allocation) substantially in the form filed with this Court as Exhibits A, B and C to the Settlement Agreement shall be mailed by Lead Plaintiff or its designee(s), by first-class mail, postage prepaid, no later than 70 days before the Fairness Hearing, to the last-known address of each reasonably identifiable Class Member and, in cases of pending litigation against the Company involving any Released Claims, also to all legal counsel known to represent the Class Member.  The costs of mailing the Notice shall be paid by Lead Plaintiff from the Settlement Fund, consistent with the terms of the Settlement Agreement.

(b)     **Publication on Internet.**  In addition to mailing the Notice as described above, Lead Counsel and the Company shall cause the Notice to be published on their respective websites no later than 55 days before the Fairness Hearing.

(c)     **Notice by Publication.**  The parties also shall cause to be published a summary notice substantially in the form filed with this Court as Exhibit D to the Settlement Agreement (the "Summary Notice").  The Summary Notice shall be published on two separate occasions in the national editions of *The New York Times* and *The Wall Street Journal*, and on one occasion in *USA Today*, in *The Houston Chronicle* and in the newspaper with the highest circulation in each of the 50 states and in the District of Columbia no later than 55 days before the Fairness Hearing.  The cost of

publishing the Summary Notice shall be paid by Lead Plaintiff from the Settlement Fund, consistent with the terms of the Settlement Agreement.

(d) **Proof of Notice.** At or before the Fairness Hearing, the parties or an Administrator shall file with the Court a proof of mailing of the Notice, proof of publication of the Notice on Lead Counsel's and the Company's respective websites, and proof of publication of the Summary Notice.

6. **Findings Concerning Notice.** Having considered the forms and methods of providing notice to Class Members, the Court finds that notice given in the form and manner provided in paragraph 5 of this Order is the best practicable notice and is reasonably calculated, under the circumstances, to apprise the Class Members (*a*) of the pendency of this Action, (*b*) of their right to object or to exclude themselves from the Class and the proposed settlement, (*c*) that any judgment, whether favorable or not, will bind all Class Members who do not request exclusion and (*d*) that any Class Member who does not request exclusion may object to the settlement and, if he or she desires, enter an appearance personally or through counsel. The Court further finds that the Notice and Summary Notice provided in the Settlement Agreement are simply written and are readily understandable by Class Members. In sum, the Court finds that the proposed notice texts and methodology are reasonable, that they constitute due, adequate and sufficient notice to all persons entitled to be provided with notice, and that they meet the requirements of the Federal Rules of Civil Procedure (including Fed. R. Civ. P. 23(c)(2) and (e)), the

United States Constitution (including the Due Process Clause), the PSLRA, the Rules of the Court and any other applicable law. The parties are directed to establish a toll-free telephone bank consistent with the criteria described in the Settlement Agreement through which, among other things, information about the Settlement Agreement will be disseminated and additional copies of the Notice may be obtained.

       7.    **Communications with Class Members.** The Company shall maintain the right to communicate orally and in writing with, and to respond to inquiries from, Class Members, including (without limitation): (*i*) communications with Class Members pursuant to the telephone bank described in paragraph 6 above; (*ii*) communications between Class Members and representatives of the Company whose responsibilities include investor relations to the extent such communications are initiated by Class Members; and (*iii*) communications as may be necessary to implement the terms of this Settlement Agreement, including, but not limited to, communications necessary to provide the stock distributions contemplated by the Settlement Agreement.

       8.    **Retention of Administrators.** The Court authorizes Lead Counsel, upon consultation and approval of the Company (which approval shall not be unreasonably withheld), to retain one or more Administrators to help implement the terms of the proposed settlement, and authorizes such Administrators to assist Lead Counsel and Defendants in (*i*) mailing or arranging for the mailing of the Notice to Class Members, (*ii*) arranging for publication of the Summary Notice, (*iii*) answering written

inquiries from Class Members and/or forwarding such inquiries to Lead Counsel or its

designee, (*iv*) providing additional copies of the Notice, upon request, to Nominees or

Class Members, (*v*) receiving and maintaining on behalf of the Court any Class Member

request for exclusion from the settlement, (*vi*) receiving and processing Proofs of Claim

from Class Members, (*vii*) mailing or causing to be mailed to Authorized Claimants their

distribution under the Plan of Allocation and (*viii*) otherwise assisting Lead Counsel with

administration and implementation of the Settlement Agreement.  The Administrator

shall also arrange for and staff the toll-free telephone bank described in paragraph 6

above.

       9.    **Exclusion from Class.**  Any potential Class Member who wishes

to be excluded from the Class must mail by first class mail or deliver a written request for

exclusion to the Clerk of the Court, care of the address provided in the Notice,

postmarked or delivered no later April 19, 2002 (*i.e.*, 21 days before the date of the

Fairness Hearing scheduled in paragraph 4, above).  The request for exclusion shall

request the following information:  (*i*) name, (*ii*) address, (*iii*) telephone number,

(*iv*) number and type of Waste Management securities purchased, sold, exchanged or

acquired, (*v*) prices paid or value at receipt and (*vi*) the date of each transaction.  If the

proposed settlement is approved, any potential Class Member who does not file a timely

written request for exclusion shall be bound by the Release and by all proceedings, orders

and judgments in this Action, even if he, she or it has pending, or subsequently initiates,

14

litigation, arbitration or any other action against any or all the Defendants or the

Releasees relating to Released Claims.  A list of the persons and entities who have

requested exclusion shall be provided by the Parties to the Court at or before the Fairness

Hearing.

10. **Objections and Appearances**

(a) **Written Objections.**  Any Class Member who has not filed

a timely written request for exclusion from the Class and who wishes to object to the

fairness, reasonableness or adequacy of this Settlement Agreement, to any terms of the

proposed Settlement Agreement, to the Plan of Allocation, to the proposed Attorneys'

Fees and Expenses or to the proposed Lead Plaintiff's Costs and Expenses must serve on

Lead Counsel and Defendants' Counsel a statement of the objection, as well as the

specific reason(s), if any, for each objection, including any legal support the Class

Member wishes to bring to the Court's attention and any evidence the Class Member

wishes to introduce in support of the objection.  The Class Member must provide the

statement to each of the following:

       Clerk of the Court
       United States District Court for the Southern District
        of Texas, Houston Division
       515 Rusk
       Houston, Texas 77002
       Re:  Master File No:  H-99-2183

Jonathan M. Plasse, Esq.
Barbara J. Hart, Esq.
Goodkind Labaton Rudoff & Sucharow LLP
100 Park Avenue
New York, New York  10017

      Lead Counsel for Plaintiff and the Class

Ralph C. Ferrara, Esq.
Ann M. Ashton, Esq.
Debevoise & Plimpton
555 13th Street, N.W.
Washington, D.C.  20004

      Counsel for Defendant Waste Management, Inc.

Sharon Katz
Davis Polk & Wardwell
450 Lexington Avenue
New York, New York  10017

      Counsel for Defendant Rodney Proto

Catherine Botticelli
Dechert
1775 Eye Street, N.W.
Washington, D.C.  20006

      Counsel for Defendant Earl DeFrates

The Court and counsel must receive any such written objections by April 19, 2002 (*i.e.*,

21 days before the date of the Fairness Hearing scheduled in paragraph 4, above).  Any

Class Member who does not timely file and serve a written objection complying with the

terms of this paragraph shall be deemed to have waived, and shall be foreclosed from

raising, any objection to the settlement, and any untimely objection shall be barred.

(a)  **Notice of Appearance.**  If a Class Member hires an attorney to represent him, her or it for the purpose of objecting to the fairness, reasonableness or adequacy of this Settlement Agreement, to any terms of the proposed Settlement Agreement, to the Plan of Allocation, to the proposed Attorneys' Fees and Expenses or to the proposed Lead Plaintiff's Costs and Expenses, the attorney must file a notice of appearance with the Clerk of Court, and deliver a copy of that notice to Lead Counsel and Defendants' counsel, at the addresses set forth in paragraph 10(a) of this Order.  The Court and counsel must receive any such notices of appearance no later than April 19, 2002 (*i.e.*, 21 days before the date of the Fairness Hearing scheduled in paragraph 5, above).

(b)  **Appearance at Settlement Hearing.**  Any Class Member who files and serves a timely, written objection pursuant to the terms of paragraph 10(a) of this Order and complies with the requirements of this paragraph may also appear at the Fairness Hearing either in person or through counsel retained at the Class Member's expense.  Class Members or their attorneys intending to appear at the Fairness Hearing must deliver to Lead Counsel and counsel for Defendants and file with the Court, at the addresses specified in paragraph 10(a) of this Order, a notice of intention to appear, setting forth the case number and the name, address and telephone number of the Class Member (and, if applicable, the name of the Class Member's attorney).  Notices of intention to appear must be received no later than April 19, 2002 (*i.e.*, 21 days before the

date of the Fairness Hearing scheduled in paragraph 4, above). Any Class Member who does not timely file and serve a notice of intention to appear pursuant to the terms of this paragraph shall not be permitted to appear at the Fairness Hearing, except for good cause shown.

11. **Post-Office Boxes.** Lead Counsel or its designated agent is directed to rent one or more post-office boxes in the name of the Clerk of the Court, to be used for receiving requests for exclusion and any other Class Member communications including Proof of Claim forms. In addition to the Court and the Clerk of the Court, only Waste Management's counsel, Lead Counsel and their designated agents shall have access to the post-office boxes.

12. **Access to Discovery Materials.** Waste Management's counsel shall allow any Class Member filing an objection, at the Class Member's expense, to review the documents that Waste Management produced to Lead Counsel through discovery in this Action, and the deposition transcripts and attached exhibits generated in this Action. Those documents shall be made available for review by appointment during regular business hours at the offices of Debevoise & Plimpton, 919 Third Avenue, New York, New York. Any Class Member wishing to obtain access to those materials must first agree in writing to be bound by the Stipulation and Order of Confidentiality attached as Exhibit E to the Settlement Agreement and incorporated into this Order by reference. Any breach of such Stipulation shall constitute a violation of this Order and may, upon

application to this Court by any aggrieved party, result in an order of contempt of Court or other sanctions.  If a Class Member hires an attorney to represent him, her or it in connection with reviewing such documents, the attorney must file a notice of appearance with the Clerk of Court, and deliver a copy of that notice to Lead Counsel and Defendants' counsel, no later than April 19, 2002 (*i.e.*, 21 days before the date of the Fairness Hearing scheduled in paragraph 5, above), at the addresses set forth in paragraph 10(a) of this Order.

13.  **Preliminary Injunction.**  All Class Members who have not been timely excluded from the Class are hereby preliminarily enjoined from filing, commencing, prosecuting, intervening in, participating in as class members or otherwise, or receiving any benefits or other relief from, any other lawsuit, arbitration or administrative, regulatory or other proceeding or order in any jurisdiction, based on or relating in any way to the claims and causes of action, or the facts and circumstances relating thereto, in this Action and/or the Released Claims.  In addition, all persons are hereby preliminarily enjoined all persons from filing, commencing or prosecuting any other lawsuit as a class action (including by seeking to amend a pending complaint to include class allegations or by seeking class certification in a pending action in any jurisdiction) on behalf of Class Members who have not timely excluded themselves from the Class, if such other lawsuit is based on or relates in any way to the claims and causes of action, or the facts and circumstances relating thereto, in this Action and/or the

Released Claims.  The Court finds that issuance of this preliminary injunction is necessary and appropriate in aid of the Court's jurisdiction over the Action.

14.  **Service of Papers.**  Defendants' counsel and Lead Counsel shall serve on each other and on all other parties who have filed notices of appearance, at or before the Fairness Hearing, any further documents in support of the proposed settlement, including responses to any papers filed by Class Members.  Defendants' counsel and Lead Counsel shall promptly furnish to each other any and all objections or written requests for exclusion that may come into their possession and, if not on file with the Court, shall file such objections and a list reflecting such requests for exclusion with the Court on or before the date of the Fairness Hearing.

15.  **Termination of Settlement.**  This Order shall become null and void, and shall be without prejudice to the rights of the parties, all of whom shall be restored to their respective positions existing immediately before this Court entered this Order, if (*i*) the proposed settlement is not finally approved by the Court, or does not become final, pursuant to the terms of the Settlement Agreement; or (*ii*) the proposed settlement is terminated in accordance with the Settlement Agreement or does not become effective as required by the terms of the Settlement Agreement for any other reason.  In such event, the proposed Settlement Agreement shall become null and void and be of no further force and effect, and neither the Settlement Agreement nor the

Court's orders, including this Order, shall be used or referred to for any purpose whatsoever.

16. **Use of Order.** This Order shall be of no force or effect if the Settlement Agreement does not become final and shall not be construed or used as an admission, concession or declaration by or against Defendants of any fault, wrongdoing, breach or liability. Nor shall the Order be construed or used as an admission, concession or declaration by or against Lead Plaintiff or the Class Members that their claims lack merit or that the relief requested in the Complaint is inappropriate, improper or unavailable, or as a waiver by any party of any defenses or claims he, she or it may have.

17. **Continuance of Hearing.** The Court reserves the right to continue the Fairness Hearing without further written notice.

SO ORDERED this 7th day of February, 2002.

MELINDA HARMON
UNITED STATES DISTRICT JUDGE